IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

FILED
OCT 07 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case N  **1:25CR154SNLJ-ACL** |
| ) | |
| STEVEN D. PHILLIPS, ) | Title 18, U.S.C. § 844(i) & (n) |
| MATTHEW S. PHILLIPS, ) | Title 18, U.S.C. § 844(h)(1) & (m) |
| DALLAS P. LANDRY, ) | Title 18, U.S.C. § 1343 |
| LARRY D. DOUBLIN, ) | Title 18, U.S.C. § 1341 |
| ) | Title 18, U.S.C. § 1001 |
| Defendants. ) | Forfeiture allegations. |

# INDICTMENT

**THE GRAND JURY CHARGES THAT:**

At all times material to this Indictment, unless otherwise specified below:

1. The Midway Restaurant was a business offering food and alcoholic beverages for sale to the public located in Puxico, Stoddard County in the Southeastern Division of the Eastern District of Missouri.

2. The building that the Midway Restaurant occupied at 260 East Richardson Avenue, Puxico, Stoddard County, Missouri was used in an activity affecting interstate commerce, as the Midway received and sold food and drink items which had been transported in interstate commerce.

3. The Midway Restaurant was owned in part by the defendants Steven D. Phillips and Matthew S. Phillips as well as other members of the Phillips family. Steven D. Phillips is the

father of Matthew S. Phillips. Larry D. Doublin, the Chief of the Puxico Volunteer Fire Department is the uncle of Steven D. Phillips and the great-uncle of Matthew S. Phillips.

4. The Midway Restaurant was insured by Westchester Surplus Lines Insurance Company headquartered in Alpharetta Georgia and which is a company affiliated with Chubb Insurance, in the amount of $1,500,000.00 for the building, $500,000.00 for personal property, and business interruption/income of $250,000.00. That policy was effective January 19, 2025.

## Count I
Conspiracy to Damage Property Used in Interstate Commerce
by Means of Fire (18 U.S.C. § 844(i) & (n)

**THE GRAND JURY FURTHER CHARGES THAT:**

Beginning at a time unknown to the Grand Jury but including on or about February 22, 2025, in Stoddard County, in the Southeastern Division of the Eastern District of Missouri and elsewhere, Steven D. Phillips, Matthew S. Phillips and Dallas P. Landry, the defendants herein, did knowingly, willfully and intentionally combine, conspire, confederate and agree together and with other persons known and unknown to the Grand Jury, to maliciously damage by means of fire a building housing the Midway Restaurant at 260 East Richardson Avenue, Stoddard County, Puxico Missouri, which was used in an activity affecting interstate commerce, in violation of Title 18, United States Code, Section 844(i), and punishable under Title 18, United States Code, Sections 844(i) and (n).

## Manner and Means

5. Steven D. Phillips and Matthew S. Phillips did induce or procure the assistance of Dallas P. Landry in committing the above offense by deliberately using fire to damage the premises of the Midway Restaurant for the purposes of fraudulently obtaining the insurance proceeds from

the destruction of the building and business by fire.

6. On February 22, 2025, at approximately 5:00 a.m. Dallas P. Landry did maliciously set fire to the building and business of the Midway Restaurant by use of an accelerant at the request of Steven D. Phillips and Matthew S. Phillips in exchange for the forgiveness of debt to Matthew S. Phillips and the promise of future payment to be made after the destruction of the building and business by fire.

7. The fire spread to other businesses on the block and in total four other businesses in addition to the Midway were destroyed by the fire. Two additional businesses incurred damage from smoke and water. Total damages are estimated to be in the millions of dollars. One business owner "D.L." suffered personal injury, namely smoke inhalation as a result of the fire. D.L. was treated at a hospital in Dexter Missouri and diagnosed with acute bronchitis secondary to smoke inhalation and possible pneumonitis.

8. Matthew S. Phillips and Steven D. Phillips submitted fraudulent claims for fire damage to the Westchester Surplus Lines Insurance Company to obtain the insurance proceeds from the destruction of the building and business by fire.

### Count II
Conspiracy to Use Fire to Commit Wire Fraud
(18 U.S.C. § 844(h)(1) & (m))

**THE GRAND JURY FURTHER CHARGES THAT:**

Beginning at a time unknown to the Grand Jury but including on or about February 22, 2025, in Stoddard County, in the Southeastern Division of the Eastern District of Missouri and elsewhere, Steven D. Phillips, Matthew S. Phillips and Dallas P. Landry, the defendants herein,

3

did knowingly, willfully and intentionally combine, conspire, confederate and agree together and with other persons known and unknown to the Grand Jury, to use fire to commit a felony which may be prosecuted in a Court of the United States, namely Wire Fraud in violation of Title 18, United States Code, Section 1343, in violation of in violation of Title 18, United States Code, Section 844(h)(1), and punishable under Title 18, United States Code, Sections 844(h) and (m).

### Manner and Means

9. Paragraphs 5-7 are realleged and incorporated by reference as if fully set forth herein.

10. As a part of the conspiracy, Steven D. Phillips and Matthew S. Phillips devised a scheme or artifice to defraud the Westchester Surplus Lines Insurance Company, a company affiliated with Chubb Insurance, by means of fraudulent representations, namely that the cause of the fire to the Midway Restaurant was due to an electrical issue in the mechanical room of the restaurant.

11. In furtherance of that conspiracy, on or about February 22, 2025, after having procured Dallas P. Landry to burn the building, Matthew S. Phillips did knowingly and intentionally transmit, or caused to be transmitted by email a fraudulent First Notice of Fire claiming that the cause of the fire was an electrical issue to the insurance company, which constituted an interstate wire communication for the purposes of executing such scheme or artifice.

12. In furtherance of that conspiracy and prior to the fire, Steven D. Phillips removed a unique piece of sports memorabilia from the Midway Restaurant, namely a display containing an autographed Yadier Molina catcher's vest and photographs of a baseball game Molina was

involved in on April 6, 2017, valued at $4,500.00. On or about March 11, 2025, Steven D. Phillips would then falsely report to the insurance company that the display had been destroyed in the fire, for the purpose of fraudulently receiving insurance proceeds.

## Count III
### Wire Fraud (18 U.S.C. § 1343)

**THE GRAND JURY FURTHER CHARGES THAT** on or about February 22, 2025, in Stoddard County, in the Southeastern Division of the Eastern District of Missouri, Matthew S. Phillips voluntarily and intentionally participated in a scheme to obtain money by means of material false representations, namely the submission of a fraudulent insurance claim, with the intent to defraud, and the defendant used, or caused to be used an interstate wire communication, that is the electronic submission of a fraudulent First Notice of Fire claim, falsely alleging the origin of the fire had been electrical in nature, via email, in furtherance of the scheme in violation of Title 18 United States Code, Section 1343 and punishable under Title 18, United States Code, Section 1343.

### Manner and Means

13.     Paragraphs 5-7 and 10-11 are realleged and incorporated by reference as if fully set forth herein.

## Count IV
### Mail Fraud (18 U.S.C. § 1341)

**THE GRAND JURY FURTHER CHARGES THAT** on or about March 7, 2025, in Stoddard County, in the Southeastern Division of the Eastern District of Missouri, Steven D.

5

Phillips having devised a scheme or artifice to defraud, for the purposes of executing such scheme or artifice, caused to be deposited by the Westchester Surplus Lines Insurance Company checks to be sent or delivered, by a commercial interstate carrier to himself in payment for fraudulent fire insurance claims made by Steven D. Phillips and others, in violation of Title 18, United States Code, Section 1341 and punishable under Title 18, United States Code, Section 1341.

### Manner and Means

14. Paragraphs 5-7 and 10-11 are realleged and incorporated by reference as if fully set forth herein.

15. On or about March 7, 2025, Steven D. Phillips emailed an official at the Chubb Insurance company and requested that payment be sent by commercial carrier as Phillips had no confidence in the United States Mail getting him the payments in a timely manner.

16. On or about March 24, 2025, the Westchester Insurance Company, as a result of the fraudulent claims, did send Steven D. Phillips via commercial parcel carrier UPS in interstate commerce an advance insurance payment check in the amount of $250,000.

17. On or about April 23, 2025, the Westchester Insurance Company, as a result of the fraudulent claims, did send Steven D. Phillips via commercial parcel carrier UPS in interstate commerce an advance insurance payment checks totaling $1,775,000,000.

18. Steven D. Phillips received said checks which he caused to be deposited in his account at First Midwest Bank.

### Count V
False Statement (18 U.S.C. § 1001)

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about February 27, 2025, in Stoddard County, in the Southeastern Division of the Eastern District of Missouri, Larry D. Doublin, the defendant herein, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely the investigation of a suspicious fire of a building used in an activity affecting interstate commerce, knowingly and willfully made a materially false, fictitious or fraudulent statement in his capacity as Chief of the Puxico Volunteer Fire Department, to a Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent / Certified Fire Investigator, namely that firefighters had reported seeing sparks coming from the electrical panel of the building, in violation of Title 18, United States Code, Section 1001(a)(2) and punishable under Title 18, United States Code, Section 1001.

**Forfeiture Allegations**

The Grand Jury further finds by probable cause that:

Pursuant to Title 18, United States Code, Section 982(a)(2)(), upon conviction of an offense in violation of Title 18, United States Code, Section 844, as set forth in the Indictment, the defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation. Subject to forfeiture is a sum of money equal to the total value of the property, real or personal, constituting or derived from any proceeds traceable to such violation, which is at least two million, twenty-five thousand dollars and no cents ($2,025,000.00).

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
Foreperson

THOMAS C. ALBUS
United States Attorney

_____
Tim J. Willis, # 62428MO
Assistant United States Attorney